UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMIE FIELDS,
          Petitioner,

v.

W.Z. JENKINS, Warden,
          Respondent.

Case No. 18-cv-04757-HSG (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"), serving a sentence imposed by the United States District Court for the District of Colorado, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of her sentence by the Bureau of Prisons ("BOP"). Petitioner has paid the filing fee. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rules 1(b) and 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## DISCUSSION

**A.     Standard of Review**

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only

where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

**B.     Claims**

Petitioner claims that: (1) the BOP has improperly delayed her placement date in a community residential reentry center in violation of applicable federal law and regulations; (2) the BOP has failed to modify her sentence to account for "good conduct" credits; and (3) the BOP has miscalculated her "prior custody" credits. Liberally construed, the claims appear arguably cognizable under § 2241 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the United States Attorney for the Northern District of California and the Attorney General of the United States in Washington, D.C. The Clerk shall also serve a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within **sixty (60)** days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

3.      If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of her receipt of the answer.

4.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    5.    The Clerk shall amend the docket to reflect that W.Z. Jenkins, the warden of FCI-Dublin, is the sole respondent in this action. Petitioner erroneously named the United States and the BOP as respondents. Jenkins is the sole proper respondent in this action, as she is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

**IT IS SO ORDERED.**

Dated: 10/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3