UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE FIELDS,<br>    Petitioner,<br>v.<br>W.Z. JENKINS,<br>    Respondent. | Case No. 18-cv-04757-HSG<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DENIED AS MOOT; DENYING MOTION FOR JUDICIAL RECOMMENDATION AS MOOT**<br><br>Re: Dkt. No. 3 |

On August 7, 2018, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. For the reasons set forth below, the Court orders both parties to show cause why this petition should not be dismissed as moot.

## BACKGROUND

On April 11, 2017, petitioner was convicted in the District of Colorado for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Prohibited Person (Felon) in Possession of a Firearm, in *United States v. Fields*, 16-cr-00204-REB-02 (D. Colo.). Dkt. No. 11 at 6; Dkt. No. 11-2 at 25. That same day, petitioner received a 30-month sentence which began to run on that date. *Id.* After being sentenced, petitioner was housed at Federal Correctional Institution, Dublin ("FCI-Dublin"), from May 19, 2017 to October 26, 2018. Dkt. No. 11 at 6; Dkt. No. 11-1 at 2. On August 7, 2018, while housed at FCI-Dublin, petitioner filed the instant petition challenging the calculation of her release date. Dkt. No. 1. On October 16, 2018, petitioner was released to a residential re-entry center ("RRC") in Utah. *Id.* On October 23, 2018, the Court ordered respondent to show cause why petitioner should not be entitled to a petition for a writ of habeas corpus. Dkt. No. 9. On December 11, 2018, respondent filed an answer to the order to show cause. Dkt. No. 11. Petitioner did not file a traverse. Petitioner was released from custody on

April 24, 2019. *See* Federal Bureau of Prisons Website, Inmate Locator, Registration No. 43669-013, https://www.bop.gov/inmateloc/ (last visited on Dec. 1, 2019).

## DISCUSSION

### I. Petition

In her petition, petitioner claims that: (1) the BOP has improperly delayed her placement date in a community residential reentry center in violation of applicable federal law and regulations; (2) the BOP has failed to modify her sentence to account for "good conduct" credits; and (3) the BOP has miscalculated her "prior custody" credits. Dkt. No. 1 at 2-3. Petitioner alleged that she should have been released to the halfway house by April 24, 2018 at the latest, and April 14, 2017 at the earliest. *Id.* Petitioner requests that she receive her good conduct and prior custody credits and that she be immediately released. Dkt. No. 1 at 6-8.

### II. Mootness

For a federal court to have jurisdiction over an action, Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. U.S. Const., Art. III, § 2; *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Mootness is jurisdictional"). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case becomes moot "when the parties lack a legally cognizable interest in the outcome." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (internal quotation marks and citation omitted). Thus, a habeas petition is moot where the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Burnett*, 432 F.3d at 1000-01 (internal quotation marks and ellipses omitted) (holding that habeas petitioner's challenge to deferrals of his parole release date was rendered moot by his release). Here, petitioner's habeas petition does not challenge the validity of her conviction but rather challenges the execution of her sentence, specifically the computation of her sentence. *See* Dkt. No. 1. Petitioner was released from custody on April 24, 2019. The habeas petition is moot unless petitioner is currently suffering collateral consequences from the

sentence. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.") (internal citation omitted); *see also Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."); *Serrato v. Clark*, 486 F.3d 560, 565 (9th Cir. 2007) (appeal not moot where petitioner serving term of supervised release seeks reduction in term of supervised release); *United States v. Verdin*, 243 F.3d 1174, 1178-79 (9th Cir. 2001) (case not moot because although petitioner had been released from custody, he was in first year of three-year supervised release; if he prevailed, could be sentenced to shorter period of supervised release); *but cf. McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013) (finding petition moot where federal prisoner sought to have BOP reevaluate his eligibility for placement in early release program that had been terminated and petitioner had not sought different relief, such as determination of eligibility for a different early release program).

Because it is unclear from the record if petitioner is currently suffering collateral consequences from her sentence, the Court orders the parties to, within twenty-eight (28) days from the date of this order, show cause why this action should not be dismissed as moot.

### III. Motion for Judicial Recommendation

Petitioner has filed a motion for judicial recommendation pursuant to 18 U.S.C. § 3585(b), requesting that the Court modify her sentencing term and account for her pretrial detention credits and good conduct credits, which would result in her immediate release. Dkt. No. 3. Petitioner has been released from custody. Accordingly, the motion is DENIED as moot.

### CONCLUSION

For the reasons set forth below, the Court orders as follows.

1. Petitioner's motion for judicial recommendation (Dkt. No. 3) is DENIED AS MOOT.

2. Within twenty-eight (28) days of the date of this order, the parties are ordered to

3

1 | show cause why the petition should not be dismissed as moot.
2 | This order terminates Dkt. No. 3.
3 | **IT IS SO ORDERED.**
4 | Dated: 1/21/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge